# EXHIBIT A

07/13/2007 15:44 FAX 2124529422        MASON TENDERS                                     ☒002/003



# Mason Tenders District Council
## OF GREATER NEW YORK & LONG ISLAND

Tamir Rosenblum
**GENERAL COUNSEL**

trosenblum@masontenders.org

July 13, 2007

Navillus Contracting / Tile          Times Square Construction
53-18 11th Street                    355 Lexington Ave.
Long Island City, NY 11101           New York, NY  10017
Attn: Donal O'Sullivan               Attn: Kevin O'Sullivan

      Re:   *Demand for Arbitration (748 8th Ave. - 48th Street & 8th Ave.)*
            *(the "Job Site")*

**Dear Sirs:**

      Please be advised that the Mason Tenders District Council of Greater New York (the "MTDC") hereby appeals to Step 3 (Arbitration) the following disputes with your company[ies] regarding the Job Site (Step 2 Letters for which were filed on June 14 and June 19). The Union intends to hold Times Square Construction liable for these violations as a joint employer, single employer and/or alter ego of Navillus (collectively the "Company").

      1. Whether the Company failed to pay Nicholas Albanese as required under the collective bargaining agreement ("CBA"), including but not limited to, by: i) failing to offer him overtime employment during the weeks of June 4-June 18, including but limited to June 9, June 12, and June 16; and ii) failing to provide him timely payment for time worked, and then failing to pay him "waiting time" ($100.00/day) for all time elapsed since the unpaid amounts were due?

      2. Whether the Company violated the CBA by terminating shop steward Nick Albanese?

      3. Whether the Company employed, permitted the employment, or is otherwise responsible for the employment, of a worker on the Job Site who performed work covered by the CBA who was not a member of Local 79, was not required to become a member of Local 79, was not referred by Local 79, and was otherwise wrongly treated as not subject to the CBA, including not being compensated under the CBA through the payment of contractual wages and the contribution of fringe benefits on his behalf?

Navillus/Times Squate
Page 2 of 2
July 13, 2007

Please call me at your earliest convenience to schedule the arbitration hearing.

Sincerely,

*Tamir W. Rosenblum*

cc. Building Contractors Association

# EXHIBIT B

# McDermott Will & Emery



Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Kimberly Nerenberg Altschuler
Associate
kaltschuler@mwe.com
212.547.5654

July 18, 2007

**BY FAX**

Tamir W. Rosenblum, Esq.
Mason Tenders District Council
Construction General Laborers Local Union # 79
520 8th Avenue, Suite 679
New York, NY 10018

    Re:    Demand for Arbitration -- 785 Eighth Avenue

Dear Mr. Rosenblum:

    We represent Time Square Construction, Inc. We write in response to Mason Tenders District Council's July, 13, 2007 Demand for Arbitration referenced above. The demand states that the Union is taking the position that Time Square is liable for alleged violations of the Union's collective bargaining agreement with Navillus. As you know, Time Square is a completely separate entity from Navillus, and we are at a loss to see how Time Square can be held responsible for a contract to which it is not a party or how it is even subject to the arbitration clause of such a contract.

    The collective bargaining agreement, which was supplied to Time Square by Navillus at Time Square's request, states in Article XI, Section 4, that the Union may apply its contract to all entities, for which a signatory employer's owner or principal has an interest. Please advise as to whether the Union is relying on this clause to bind Time Square to Navillus' contract. Please respond at your earliest convenience as Time Square needs to understand the basis for your arbitration demand against it.

Sincerely,

Kimberly Altschuler

U.S. practice conducted through McDermott Will & Emery LLP.
340 Madison Avenue  New York  New York  10173-1922  Telephone: 212.547.5400  Facsimile: 212.547.5444  www.mwe.com

# EXHIBIT C



# Mason Tenders District Council
## OF GREATER NEW YORK & LONG ISLAND

Tamir Rosenblum
**GENERAL COUNSEL**

trosenblum@masontenders.org

July 19, 2007

*By Telecopier and Regular Mail*
Joel Cohen
McDermott, Will & Emery
340 Madison Ave.
New York, NY 10173

      Re: *MTDC-Navillus/Times Square Arbitration*

Dear Mr. Cohen:

      I am not aware that the Union is required to be any more detailed than it has been about the legal bases on which it intends to support its claims in the referenced arbitration. As a courtesy, I will note that the Union was not intending to rely on Article XI, Section 4 to assess liability against Times Square.

      On the same subject, I assume from your letter that you will be representing Times Square at the arbitration. Will you be representing Navillus? And if not, who will?

      Thank you.

                                       Sincerely,

                                       Tamir W. Rosenblum

520 Eighth Avenue, Suite 650 • New York, NY 10018 • Phone: 212.452.9451 • Fax: 212.452.9401 • www.masontenders.org

# EXHIBIT D

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Kimberly Nerenberg Altschuler
Associate
kaltschuler@mwe.com
212.547.5654

July 19, 2007

**BY FAX**

Tamir W. Rosenblum, Esq.
Mason Tenders District Council
Construction General Laborers Local Union # 79
520 8th Avenue, Suite 679
New York, NY 10018

Re:   Demand for Arbitration -- 785 Eighth Avenue

Dear Mr. Rosenblum:

This responds to your letter to Joel Cohen. You assumed wrong. Times Square has no intention of appearing at any arbitration. Time Square is not a party to any contract with the Union and is not subject to its arbitration clause. The purpose of our inquiry was to determine on what basis the Union is even claiming that Time Square has a contractual obligation to the Union, including an obligation to arbitrate. The only arguable basis we could see for any such argument was Article XI, Section 4. Since you have indicated that this Article is not relevant here, we are at a loss to see how you can bind Time Square to any adverse arbitration award, absent a new voluntary agreement to arbitrate, which it will not do.

Sincerely,

Kimberly Altschuler

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue New York New York 10173-1922 Telephone: 212.547.5400 Facsimile: 212.547.5444 www.mwe.com

# EXHIBIT E



# Mason Tenders District Council
## OF GREATER NEW YORK & LONG ISLAND

**Tamir Rosenblum**
GENERAL COUNSEL

trosenblum@masontenders.org

July 19, 2007

Kimberly Altschuler
McDermot Will & Emery
340 madion Ave.
New York, NY  10173

      Re:  *MTDC-Navillus/Times Square Arbitration*

Dear Ms. Altschuler:

    I am in receipt of your letter of yesterday.  The Union obviously intends to proceed with the arbitration, and, if successful, enforce an award against Times Square, irrespective of whether the company determines to defend itself at the hearing. The grounds for doing so are plainly stated in the demand.

    Is there a reason you are not responding to my inquiry regarding the legal representation of Navillus?  If you firm will not be representing Navillus in this case, please let me know.

    Thank you.

                Sincerely,

                Tamir W. Rosenblum

520 Eighth Avenue, Suite 650 • New York, NY 10018 • Phone: 212.452.9451 • Fax: 212.452.9401 • www.masontenders.org

# EXHIBIT F



# Mason Tenders District Council
OF GREATER NEW YORK & LONG ISLAND

**Haluk Savci**

ASSOCIATE GENERAL
COUNSEL

hsavci@masontenders.org

August 1, 2007

Roger Maher
Arbitrator
23 83rd Street
Brooklyn, NY 11209

Re:  *Demand for Arbitration ( Mason Tenders District Council of Greater NY (Navillus Contracting/Tile and Times Square Construction)*

Dear Arbitrator Maher:

I write on behalf of the Mason Tenders District Council of Greater NY in the above-referenced matter for which you are the designated contract arbitrator. Enclosed you will find a copy of the demand for arbitration. It is respectfully requested that you contact the parties to schedule a hearing date.

Sincerely yours,

Haluk Savci

enc.
cc:  Navillus Contracting/Tile
53-18 11th Street
Long Island City, NY 11101
Att: Donal O'Sullivan

Times Square Construction
355 Lexington Ave.
New York, NY 10017
Att: Kevin O'Sullivan

Building Contractors Association
451 Park Avenue South, 4th Floor
New York, NY 10016



# Mason Tenders District Council
OF GREATER NEW YORK & LONG ISLAND

**Tamir Rosenblum**
GENERAL COUNSEL

trosenblum@masontenders.org

July 13, 2007

Navillus Contracting / Tile            Times Square Construction
53-18 11th Street                      355 Lexington Ave.
Long Island City, NY 11101             New York, NY 10017
Attn: Donal O'Sullivan                 Attn: Kevin O'Sullivan

Re:   *Demand for Arbitration (748 8th Ave. - 48th Street & 8th Ave.)*
      *(the "Job Site")*

Dear Sirs:

Please be advised that the Mason Tenders District Council of Greater New York (the "MTDC") hereby appeals to Step 3 (Arbitration) the following disputes with your company[ies] regarding the Job Site (Step 2 Letters for which were filed on June 14 and June 19). The Union intends to hold Times Square Construction liable for these violations as a joint employer, single employer and/or alter ego of Navillus (collectively the "Company").

1. Whether the Company failed to pay Nicholas Albanese as required under the collective bargaining agreement ("CBA"), including but not limited to, by: i) failing to offer him overtime employment during the weeks of June 4-June 18, including but limited to June 9, June 12, and June 16; and ii) failing to provide him timely payment for time worked, and then failing to pay him "waiting time" ($100.00/day) for all time elapsed since the unpaid amounts were due?

2. Whether the Company violated the CBA by terminating shop steward Nick Albanese?

3. Whether the Company employed, permitted the employment, or is otherwise responsible for the employment, of a worker on the Job Site who performed work covered by the CBA who was not a member of Local 79, was not required to become a member of Local 79, was not referred by Local 79, and was otherwise wrongly treated as not subject to the CBA, including not being compensated under the CBA through the payment of contractual wages and the contribution of fringe benefits on his behalf?

Navillus/Times Squate
Page 2 of 2
July 13, 2007

Please call me at your earliest convenience to schedule the arbitration hearing.

Sincerely,

Tamir W. Rosenblum

cc. Building Contractors Association