UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TIME SQUARE CONSTRUCTION, INC.

                Plaintiff,

    - against -

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK & LONG ISLAND
AND CONSTRUCTION GENERAL
LABORERS JATC, LOCAL UNION NO. 79,

                Defendants.

-----------------------------------------------------------X

07-CV-7250
(SAS)(AJP)

## Answer

Mason Tenders District Council of Greater New York & Long Island (the "MTDC") and Construction General Laborers JATC, Local Union No. 79 ("Local 79") answer the Complaint for Injunctive Relief of Time Square Construction, Inc. ("Time Square") as follows:

1. Admit that Paragraph 1 of the Complaint describes the nature of this action.

2. Lack sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint.

3. Admit that various labor organizations are affiliated with the MTDC and that the MTDC is a labor organization within the meaning of Section 2(5) of the Act, 29 U.S.C. §152(5). Deny the allegations of Paragraph 3 of the Complaint to the extent they are inconsistent with the foregoing.

4. Admit the allegations of Paragraph 4 of the Complaint.

5. Admit the allegations of Paragraph 5 of the Complaint.

6. Admit that Times Square is a construction company operating in New York City owned, in whole or part, by Kevin and Donal O'Sullivan. Deny information or believe regarding the position of Kevin O'Sullivan. Deny the remainder of the allegations of Paragraph 6.

7. Deny the allegations of the first sentence of Paragraph 7. Lack sufficient information to admit or deny the allegations of the second sentence of Paragraph 7.

8. Admit that Navillus is a construction company operating in New York City, and that it has functioned both as a general contractor and sub-contractor. Admit that Donal and Kevin O'Sullivan, in whole or in part, own Navillus. Deny the last sentence of Paragraph 8. Lack sufficient information to admit or deny the remainder of the allegations of Paragraph 8 of the Complaint.

9. Deny the allegations of Paragraph 9 of the Complaint.

10. Deny the allegations of Paragraph 10 of the Complaint.

11. Deny the allegations of Paragraph 11 of the Complaint.

12. Admit the first, third and fourth sentences of Paragraph 12. Refer the Court to the Defendants response to Paragraph 3 with respect to the allegations of the second sentence of Paragraph 12 of the Complaint.

13. Admit that Time Square has not formally executed a contract document with the MTDC or Local 79 but in all other respects deny the allegations of Paragraph 13 of the Complaint.

14. Deny that Time Square and Navillus entered into an arms length agreement

and further deny that Times Square is functioning solely as a construction manager on the Project. Admit that the Project is at the stated address, involves construction of a concrete-framed building, and that both non-union and union contractors have worked at the site. Otherwise lack sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint.

15. Admit that Times Square for a limited period of time directly employed an individual to perform clean and other tasks at the Project. Lack sufficient information to admit or deny the allegations regarding name or background of the individual in question. Deny the remainder of the allegations of Paragraph 15 of the Complaint.

16. Admit that Times Square requested the referral of a shop steward to the Project who possessed a site safety manager's certificate and that Nicholas Albanese was referred and worked on the Project, but otherwise deny the allegations of Paragraph 16 of the Complaint.

17. Admit that Navillus acted at least in part as a paymaster on the Project. Admit that Mr. Albanese was supervised and directed by individuals claiming to work for Times Square. Admit that paymasters issue checks and pays contributions to benefit funds. Otherwise deny the allegations of Paragraph 17 of the Complaint.

18. Admit that on the day Times Square discharged Albanese it complained to Local 79 about his concreted activity and other conduct on the job. Deny the remainder of the allegations of Paragraph 18 of the Complaint.

19. Admit that Times Square attempted to cause Par Wrecking to replace Navillus as a paymaster on the Project. Lack sufficient information to admit or deny what Navillus told Time Square Otherwise deny the allegations of Paragraph 19 of the Complaint.

20. Admit that Mr. Albanese declined to accept payment from an entity that was not his employer, but otherwise deny the allegations of Paragraph 20 of the Complaint.

21. Deny the allegations of Paragraph 21 of the Complaint.

22. Deny the allegations of Paragraph 22 of the Complaint,

23. Deny the allegations of Paragraph 23 of the Complaint.

24. Deny that Local 79 reached a settlement agreement with Times Square regarding Mr. Albanese's employment. Admit that Local 79 and Times Square agreed that Times Square would accept the employment of a different shop steward and use a different paymaster on the job. Deny all other allegations of Paragraph 24 of the Complaint.

25. Admit the allegations of Paragraph 25 of the Complaint.

26. Respectfully refer the Court to the July 13, 2007 letter referred to in Paragraph 26 of the Complaint for a complete and accurate description of what that letter states.

27. Respectfully refer the Court to July 18, 2007 and July 19, 2007 correspondence between the parties referred to in Paragraph 27 of the Complaint for a complete and accurate description of what the letters

stated.

28. Respectfully refer the Court to the July 19, 2007 letter referred to in Paragraph 28 of the Complaint for a complete and accurate description of what that letter states.

29. Respectfully refer the Court to the August 1, 2007 letter referred to in Paragraph 29 of the Complaint for a complete and accurate description of what that letter states.

30. Repeat their responses to Paragraphs 1 through 29 of the Complaint.

31. Deny the allegations of Paragraph 31 of the Complaint.

32. Deny the allegations of Paragraph 32 of the Complaint.

33. Deny the allegations of Paragraph 33 of the Complaint.

34. Deny the allegations of Paragraph 34 of the Complaint.

35. Deny the allegations of Paragraph 35 of the Complaint.

WHEREFORE MTDC and Local 79 respectfully request that the Complaint be dismissed in its entirety and that the defendants be awarded their costs and fees, including reasonable attorney fees, in this action.

Dated: September 12, 2007

By: _____
Lowell Peterson (LP 5405)

MEYER, SUOZZI, ENGLISH
& KLEIN, P.C.

1350 Broadway, Suite 501
New York, New York 10018
(212) 239-4999


Tamir W. Rosenblum (TR 0895)
Haluk Savci (HS 0853)
MASON TENDERS DISTRICT
COUNCIL OF GREATER
NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Defendants