UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                                        :

TIME SQUARE CONSTRUCTION, INC.,

            Plaintiff,

-against-                                      07 CIV. 7250 ( SAS)

MASON TENDERS DISTRICT COUNCIL        DECLARATION OF JOEL E. COHEN
OF GREATER NEW YORK & LONG
ISLAND and Construction General Laborers
JATC, LOCAL UNION No. 79,

            Defendants.
------------------------------------- X

      JOEL E. COHEN, pursuant to 28 U.S.C. 1746, declares under penalty of perjury as follows:

      1.     I am a member of McDermott Will & Emery LLP, counsel for plaintiff Time Square Construction, Inc. ("Time Square"). I am duly admitted to the bar of the Courts of the State of New York and to practice in the Southern District of New York. I submit this declaration in further support of Time Square's motion for an injunction to injunction to enjoin Defendants Mason Tenders District Counsel of Greater New York & Long Island ("MTDC") and Construction General Laborers JATC, Local Union No. 79 ("Local 79") (collectively "Unions" or "Defendants") from pursuing claims against Time Square in any arbitration under the multi-employer collective bargaining agreement between MTDC and the Building Contractors Association (the "BCA").

      2.     Attached as Exhibit A is a true and correct copy of portions of the transcript of the deposition of Defendants through 30(b)(6) witness Joseph Cangelosi taken on October 18, 2007.

NYK 1132281-1.079258.0011

3.     Attached as Exhibit B A is a true and correct copy of portions of the transcript of the deposition of Donal O'Sullivan taken on October 18, 2007.

4.     Attached as Exhibit C is a true and correct copy of portions of the transcript of the deposition of Kevin O'Sullivan taken on October 26, 2007.

5.     Attached as Exhibit D are true and correct copies of the Delaware Certificate of Incorporation of Time Square Construction, Inc. dated February 15, 2006, the Minutes for Time Square Construction, Inc. dated March 20, 2006, electing Kevin O'Sullivan as the sole officer for Time Square, and Time Square's Application for Authority to do business in New York.

6.     Attached as Exhibit E are true and correct copies of relevant pages from agreements between Time Square Construction, Inc., as Construction Manager and 785 Partners LLC, as owners, relating to the construction of residential condominiums at 785 8th Avenue, New York, New York (the "8th Avenue Project").

7.     Attached as Exhibit F are true and correct copies of invoices issued by Navillus Tile, Inc. ("Navillus") to Time Square for the lease of office space and equipment, copies of the checks reflecting Time Square's payment of those invoices, and the Lease Summary for Time Square's office space at 355 Lexington Avenue, New York.

8.     Attached as Exhibit G is a true and correct copy of the Minutes of the Meeting of the Board of Directors of Navillus wherein Kevin O'Sullivan resigned as Vice-President of the company.

9.     Attached as Exhibit H is a true and correct copy of portions of Subcontract No. 00001 between Time Square as contractor and Navillus as sub-contractor relating to the 785 8th Avenue Project.

NYK 1132281-1.079258.0011

10. Attached as Exhibit I is a true and correct copy of Invitations to Bid sent from Time Square to various sub-contractors relating to work to be performed at a project at 47-49 East 34th Street, New York (the "34th Street Project").

11. Attached as Exhibit J is a true and correct copy of the Local 79 Contractor Request Report reflecting the assignment of Mr. Albanese to work for Time Square, as well as the Member OWL Call History showing that Mr. Albanese was assigned to a new project starting on June 25, 2007.

12. Attached as Exhibit K is a true and correct copy of a letters sent to Navillus from Time Square dated June 26, 2007 terminating Navillus' sub-contract for the 8th Avenue Project and a subsequent letter dated July 5, 2007 reinstating that sub-contract.

13. Attached as Exhibit L are true and correct copies of four (4) Grievances filed by Local against Navillus relating to the terms and conditions of Mr. Albanese's employment, as well as Demand for Arbitration dated July 13, 2007 from the Unions to Navillus and Time Square.

14. On or about July 5, 2007, I assisted my client Time Square in negotiating a resolution with Local 79 regarding Mr. Albanese's employment with Time Square. The settlement reached included hiring another Local 79 Laborer to work on the 8th Avenue Project with a Local 79 contractor other than Navillus acting as paymaster.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2007

_____
Joel E. Cohen