UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TIME SQUARE CONSTRUCTION, INC.

              Plaintiff,

      - against -

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK & LONG ISLAND
AND GENERAL
LABORERS JATC, LOCAL UNION NO. 79,

             Defendants.

----------------------------------------------------------X

07-CV-7250
(SAS)(AJP)

**Summary of Evidence**

      Mason Tenders District Council of Greater New York & Long Island (the "MTDC") and Construction General Laborers JATC, Local Union No. 79 ("Local 79") submits this Summary of Evidence as directed by the Court.

1. Time Square Construction, Inc. ("Time Square") is wholly owned by Donal and Kevin O'Sullivan on the same 50/50 basis as they wholly own Navillus Tile ("Navillus"), and the two share all profits the companies generate.  Testimony of Donal O'Sullivan and Kevin O'Sullivan.

2. Navillus is a member of the Building Contractors Association, a multi-employer bargaining association which has a collective bargaining agreement with the MTDC and Local 79.  Accordingly, Navillus is party to a collective bargaining agreement with the MTDC and Local 79.  Document titled "2006-2010 Trade

1

Agreement between Building Contractors Association, Inc. and Mason Tenders District Council of Greater New York" (the "CBA").

3. Donal O'Sullivan signed certain of the company's incorporation documents, as well as the general contract for the work at 8th Ave and 48th Street in Manhattan (the "8th Avenue Project"). Document titled "Standard Form of Agreement Between Owner and Construction Manager" dated March 3, 2006 between "785 Partners, LLC" and "Time Square Construction, Inc. c/o Navillus Contracting"; document titled "General Conditions of the Contract for Construction" and Rider to that document dated March 2, 2006; document titled "Amendment No. 1 to Agreement Between Owner and Construction Manager" dated March 3, 2006; document titled "Certificate of Incorporation of Time Square Construction, Inc." filed by Mr. Donal O'Sullivan on February 13, 2006; document titled "Certificate of Amendment of the Certificate of Incorporation of Time Square Construction, Inc."; document entitled "Organization Action in Writing of Incorporator of Time Square Construction, Inc."

4. Donal O'Sullivan initially described Time Square as a "division" of Navillus. Testimony of Donal O'Sullivan.

5. An incorporation document indicated that Time Square was also named "Navillus Concrete". Document titled "Certificate of Amendment of the Certificate of Incorporation of Time Square Construction, Inc."

6. Donal and Kevin O'Sullivan testified that Navillus Concrete was a d/b/a of Navillus. Testimony of Donal and Kevin O'Sullivan.

2

7. Navillus' Certificate of Incorporation states that the purpose for which Navillus was formed including "to engage in the business of and to act as general contractors . . ." Navillus has functioned as general contractor on projects. Testimony of Donal O'Sullivan; Certificate of Incorporation, Navillus Tile, Inc.

8. Donal O'Sullivan was a principal and an officer of Navillus at the time Time Square was formed and at the time he signed the Time Square corporate documents. Testimony of Donal O'Sullivan.

9. Kevin O'Sullivan was a principal and an officer of Navillus at the time Time Square was formed and at the time he signed the Time Square corporate documents. Testimony of Kevin O'Sullivan.

10. Donal O'Sullivan and Kevin O'Sullivan are 50/50 owners of a company called "8th Avenue and 48th Street Development, LLC" (referred to hereafter as "8th and 48th"). Testimony of Donal and Kevin O'Sullivan.

11. 8th and 48th is itself co-owner of the property at 8th and 48th with a company called "Esplanade 8th Avenue LLC", which is co-owned by two other individuals - Jay Eisenstadt and David Scharf. 8th and 48th and Esplanade 8th Avenue LLC are also co-developers of the 8th Avenue Project. The name of the entity which owns and is developing the 8th Avenue Project is "785 Partners, LLC" Testimony of Donal and Kevin O'Sullivan and documents referred to in paragraph 3, above.

12. Navillus prepared the critical cost estimates for all phases of the development of the 8th Ave. Project and those estimates were used in the O'Sullivan brothers'

3

efforts to obtain financing for the project. Testimony of Donal and Kevin O'Sullivan, document entitled "785 Eighth Avenue Conceptual Estimate Summary" dated February 28, 2006.

13. Time Square's construction manager contract for the 8th Avenue Project provides for a Gross Maximum Price - that is, the maximum price which Time Square can be paid. Document titled "Standard Form of Agreement Between Owner and Construction Manager" dated March 3, 2006 between "785 Partners, LLC" and "Time Square Construction, Inc. c/o Navillus Contracting".

14. Navillus has been performing the concrete and masonry work at the 8th Avenue project. It is paid on a cost-plus basis. No bids were so for this work. Testimony of Donal and Kevin O'Sullivan, document indicating subcontract dated December 22, 2006 between Time Square Construction, Inc. and Navillus Contracting, Inc. (masonry work); document indicating subcontract dated October 18, 2006 between Time Square Construction, Inc. and Navillus Contracting, Inc. (foundation and concrete superstructure)

15. The O'Sullivan brothers' partners in the 8th Avenue Project (Esplanade) insisted that Navillus perform the concrete superstructure and masonry work because Navillus, being owned by the O'Sullivan brothers who also owned Time Square and co-owned the 8th Avenue Project, would not charge market price for the work and would work aggressively and not hold the job up. Testimony of Kevin O'Sullivan.

16. Kevin O'Sullivan was an officer of Navillus until September 2006, which was after the time Navillus was selected to perform the work at the 8th Avenue Project. Testimony of Kevin O'Sullivan, document titled "Minutes of the Meeting of the Board of Directors of Navillus Tile, Inc."

17. Kevin O'Sullivan went onto Time Square's payroll in November 2006. Time Square payroll documents.

18. Time Square's headquarters was the same as Navillus' headquarters until November or December 2006. There was no physical separation between the two companies' offices until Time Square obtained separate office space at a different address in November or December 2006. Time Square did not pay Navillus anything for the use of Navillus' space until June 2007 and September 2007. Testimony of Donal and Kevin O'Sullivan; invoices from Navillus to Time Square; checks reflecting payment of those invoices; lease documents between Time Square Construction and 355 Lexington LLC.

19. The facts set forth in paragraphs 18 to 22, involving former Navillus employees currently employed by Time Square, are supported by the testimony of Donal and Kevin O'Sullivan, the testimony of Joseph Cangelosi, and the payroll documents of Navillus and of Time Square.

20. Fergal Confrey was a project manager for Navillus. In November 2006 he went onto Time Square's payroll, where is the project manager at the 8th Avenue Project.

21. Anthony Del Greco was a Navillus employee until late June 2006, when he went onto Time Square's payroll. He prepared the Cost Estimate document referred to in paragraph 12. He was transferred to Time Square because of that work.

22. Lenny Kelly was a project superintendent at Navillus. In April 2007 he went onto Time Square's payroll. He is a project superintendent at Time Square.

23. Thea Clarke was employed by Navillus. She went only Time Square's payroll in early 2006.

24. At all times relevant to this proceeding, Wayne Murphy was the Site Safety Supervisor at the 8th Avenue Project. He was employed by Navillus until the end of June 2007, at which point he became employed by Time Square. He remained the Site Safety Supervisor after he went onto Time Square's payroll. Time Square represented to the City Department of Buildings that Murphy was "our" site safety inspector while Murphy was on Navillus' payroll. Testimony of Donal and Kevin O'Sullivan, testimony of Joseph Cangelosi; payroll documents from Time Square; emails from Fergal Confrey and from Keiran Power dated June 11, 2007.

25. Murphy told Cangelosi at the jobsite that Navillus and Time Square were the "same company". Testimony of Joseph Cangelosi.

26. Representatives of Lehr Construction continued to contact Kevin O'Sullivan with questions and concerns about Navillus projects (other than the 8th Avenue Project) until mid-2007. This included questions and comments about the scheduling of jobs, manpower issues, problems on the job, and so forth. Testimony of Kevin

O'Sullivan. Email from Lehr representative Anthony Iandoli to Kevin O'Sullivan.

27. Del Greco still filed for permits from the Building Department on behalf of Navillus long after switching to Time Square's payroll. Document titled "Permits Information for 5/1/2007 to 5/31/2007".

28. Donal O'Sullivan participates in reviewing new project possibilities for Time Square, in attending meetings at which Time Square attempts to obtain financing, and in reviewing Time Square documents. Testimony of Kevin O'Sullivan.

29. In about May 2007 representatives of Local 79 approached representatives of Time Square and representatives of Navillus about having certain work performed by Local 79-represented laborers. The Local 79 representatives spoke with several representatives of Time Square and several representatives of Navillus. Testimony of Donal and Kevin O'Sullivan, testimony of Joseph Cangelosi.

30. One of the Time Square employees Cangelosi spoke with was Kieran Power. Power had been a Navillus employee, and Cangelosi had talked with him in connection with a previous Navillus job. Testimony of Joseph Cangelosi, testimony of Kevin O'Sullivan.

31. Time Square agreed to hire a Local 79-represented laborer and a request was made to the Local 79 hiring hall. Kevin O'Sullivan called Local 79 representative John Brosnan to confirm this. Testimony of Donal and Kevin O'Sullivan, testimony of Joseph Cangelosi; document titled Contractor Request Report

indicating call in date of June 1, 2007; page of cell phone bill for John Brosnan; email from Fergal Conefrey to Gabriel McCauley.

32. Local 79 member Nicholas Albanese was sent to the 8th Avenue Project to work and to be the shop steward. Testimony of Donal and Kevin O'Sullivan, testimony of Joseph Cangelosi.

33. Time Square directed the work of Albanese. Testimony of Kevin O'Sullivan, oral stipulation of counsel to Time Square.

34. To the extent he was paid for working at the 8th Avenue Project, Albanese was paid by Navillus. This was pursuant to a "paymaster" arrangement as provided in the collective bargaining agreement. Navillus was paid at least in full by Time Square for all of the wage and benefit costs incurred or paid by Navillus to Albanese and paid by Navillus on Albanese' behalf (e.g., contributions to benefit funds, Social Security, and so forth). Collective bargaining agreement, testimony of Donal and Kevin O'Sullivan, testimony of Joseph Cangelosi.

35. It was Navillus, as signatory to the CBA, which determined the wages, benefits, terms and conditions of Albanese' employment. Although Time Square directed Albanese' work, Navillus was also responsible for applying all of the terms of the CBA to him. CBA, testimony of Joseph Cangelosi.

36. It was Time Square which determined that Albanese was no longer employed at the 8th Avenue project.

37. After Albanese was terminated, Time Square contacted Local 79 to request that he be replaced as shop steward by Barrenston Morgan, who had been working as a shop steward at a Navillus job site since early 2007. Joseph Cangelosi can testify about this; Morgan's work history (document).

38. Time Square has been involved in two projects, and Navillus has performed the superstructure concrete and masonry work on both. The O'Sullivan brothers are co-owners of the property and co-developers with Messrs. Eisenstadt and Scharf on both projects. Testimony of Donal and Kevin O'Sullivan.

39. Local 79 and the MTDC have collective bargaining agreements with general contractors and construction managers. Testimony of Joselph Cangelosi.

40. Navillus has been the general contractor or construction manager on projects and its certificate of incorporation provides that one of its purposes is to engage in the business of and act as general contractor. Document entitled "Certificate of Incorporation, Navillus Tile, Inc."

Dated: November 21, 2007

By: /s/ Lowell Peterson
Lowell Peterson (LP 5405)

MEYER, SUOZZI, ENGLISH
& KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
(212) 239-4999

Tamir W. Rosenblum (TR 0895)
Haluk Savci (HS 0853)

MASON TENDERS DISTRICT
COUNCIL OF GREATER
NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

Counsel for Defendants

90712

10